IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CORY RAY SHELBY, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-590-O |
| | § | |
| BILL WAYBOURN, Sheriff, | § | |
| Tarrant County, Texas. | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Cory Ray Shelby, a state prisoner confined in the Tarrant County jail, against Bill Waybourn, sheriff of Tarrant County, Texas. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed without prejudice on exhaustion grounds.

## I. BACKGROUND

On October 10, 2017, pursuant to a plea agreement, Petitioner pleaded guilty to assault of a family/house member in Tarrant County, Texas, Case No. 1472176D, and was sentenced to 4 years' confinement. Resp't's Resp., Ex. 2, ECF No. 10. Petitioner did not appeal his conviction, however he filed a state habeas-corpus application challenging his conviction, which was dismissed for noncompliance with the state's form requirements under rule 73.1 of the Texas Rules of Appellate Procedure. *Id.*, Ex. 1

## II. ISSUES

In two grounds, Petitioner claims that he received ineffective assistance of trial counsel and that he has discovered new evidence that exonerates him. Pet. 6, 8, ECF No. Respondent asserts that the claims are unexhausted.

## III.  DISCUSSION

Applicants seeking habeas-corpus relief under § 2254 are required to exhaust all claims in the state courts before requesting federal habeas relief. 28 U.S.C. § 2254(b)(1), (c)[1]; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). In order to exhaust, a petitioner must "fairly present" all of his claims to the highest state court for review. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842-48 (1999); *Richardson v. Procunier,* 762 F.2d 429, 430-31 (5th Cir. 1985). Thus, a habeas-corpus petitioner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals, the state's highest criminal court, in either a petition for discretionary review and/or a *properly filed* state habeas-corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

From the pleadings and documentary evidence it is clear that Petitioner has failed to exhaust his claims in state court. Because the Texas Court of Criminal Appeals has not yet had a fair opportunity to consider the merits of the claims, the claims are unexhausted for purposes of federal

---

[1]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

habeas review, and any ruling from the federal court at this juncture would be premature. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001). Absent a showing that state remedies are inadequate or ineffective, such showing not having been demonstrated, Petitioner cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972).

Accordingly, dismissal of the petition for lack of exhaustion is warranted so that Petitioner can fully exhaust his state-court remedies as to his claims and then return to this Court, if he so desires, after exhaustion has been properly and fully accomplished.

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice for failure to exhaust state-court remedies. A certificate of appealability is DENIED.

**SO ORDERED** on this 11th day of September, 2020.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

3